JS 44 (Rev 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JOSEPH EDWARD RIAD

**DEFENDANTS**
PORSCHE CARS NORTH AMERICA, INC and DR. ING. H.C. F. PORSCHE AKTIENGELLSCHAFT

(b) County of Residence of First Listed Plaintiff: **Chester County, PA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Fulton & Stullgaft, Germany**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Mickala L. Rector, Esq., Rector at Law
509 Schoolhouse Road
Kennett Square, PA 19348
484.748.1423 ; mickala.rector@gmail.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U S Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U S Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☒ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **SOCIAL SECURITY** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☒ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
28 U.S.C. Section 1332
Brief description of cause:
Bodily injuury due to inhaling toxic fumes from defective 2004 Porsche Cayenne Turbo SUV

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

DATE: 11/30/2018
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 509 Schoolhouse Road, Kennett Square, PA 19348

Address of Defendant: 980 Hammon Drive, St. 1000, Atlanta, Georgia & Stuttgart, Germany

Place of Accident, Incident or Transaction: PA, Chester County

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions.

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ is ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE 11/30/2018       [signature]       315082
                   *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
     *(Please specify)*

B. *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☒ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)* _____
☐ 7. Products Liability
☐ 8. Products Liability — Asbestos
☐ 9. All other Diversity Cases
     *(Please specify)*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Micaela Hector, counsel of record or pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.
☐ Relief other than monetary damages is sought.

DATE 11/30/2018       [signature]       315082
                   *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

NOV 30 2018

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ. 609 (5/2018)

**CDJ**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Joseph Riad

                v.

Porsche Cars N.A., Inc &
DR. Ing h.c.F. Porsche Aktiengesellschaft

CIVIL ACTION

NO. 18 5175

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security - Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management — Cases that do not fall into any one of the other tracks. (X)

| 11/30/2018 | Mickala Reetor Esq | Plaintiff Joseph Riad |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| 484 748 1423 | N/A | mickala.reetor@gmail.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

NOV 30 2018



APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Joseph Edward Riad

**18   5175**

V.

Porsche Cars North America, Inc.
and
Dr. ING. h.c.F. Porsche Aktiengellshaft

Civil Action
No: _____

## DISCLOSURE STATEMENT FORM

Please check one box:

☐  The nongovernmental corporate party, _____
, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☒  The nongovernmental corporate party, _____
, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

Porsche Automobile Holding SE Pfd., owns Volkswagen, AG, which in turn owns Defendant, Dr. ING. h.c.F. Porsche Aktiengellshaft and Defendant Porsche Cars North America, Inc. is a wholly owned subsidiary of Defendant, Dr. ING. h.c.F. Porsche Aktiengellshaft.

11/30/2018                              _[signature]_
Date                                    Signature

Counsel for:  Plaintiff, Joseph Edward Riad

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
  (a)  WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file two copies of a disclosure statement that:
    (1)  identifies any parent corporation and any publicly held corporation owning 10% or more of its stock;  or
    (2)  states that there is no such corporation.

  (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
    (1)  file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and
    (2)  promptly file a supplemental statement if any required information changes.



APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Joseph Edward Riad

V.

Porsche Cars North America, Inc.
and
Dr. ING. h.c.F. Porsche Aktiengellshaft

Civil Action
No: **18  5175**

DISCLOSURE STATEMENT FORM

Please check one box:

☐  The nongovernmental corporate party, _____
, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☒  The nongovernmental corporate party, _____
, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

Porsche Automobile Holding SE Pfd., owns Volkswagen, AG, which in turn owns Defendant, Dr. ING. h.c.F. Porsche Aktiengellshaft and Defendant Porsche Cars North America, Inc. is a wholly owned subsidiary of Defendant, Dr. ING. h.c.F. Porsche Aktiengellshaft.

11/30/2018
Date                                  Signature

Counsel for:  Plaintiff, Joseph Edward Riad

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
    (a)   WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file two copies of a disclosure statement that:
          (1)   identifies any parent corporation and any publicly held corporation owning10% or more of its stock;  or

          (2)   states that there is no such corporation.

    (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
          (1)   file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and
          (2)   promptly file a supplemental statement if any required information changes.



#4400

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH EDWARD RIAD**<br>509 Schoolhouse Road<br>Kennett Square, Pennsylvania 19348<br><br>     Plaintiff,<br><br>vs.<br><br>**PORSCHE CARS NORTH AMERICA, INC.**<br>980 Hammond Drive<br>Suite 1000<br>Atlanta, Georgia 30328<br><br>     SERVE:<br>     CT Corporation System<br>     1515 Market Street<br>     Suite 1210<br>     Philadelphia, PA 19102<br><br>and<br><br>**DR. ING. H.C.F. PORSCHE AKTIENGELLSCHAFT**<br>Porscheplatz 1,<br>D-70435<br>Stuttgart, Germany<br><br>     Defendants. | **18     5175**<br><br>Case No.: _____<br><br><br><br><br><br><u>**COMPLAINT AND JURY DEMAND**</u> |

## **COMPLAINT**

Comes now the Plaintiff, Joseph Edward Riad by and through his attorney, Mickala L. Rector, Esq. of Rector Law Offices and Richard E. Schimel, Esq., of the Law Offices of Richard E. Schimel, LLC and sues the Defendants Defendant Dr. Ing. h.c. F. Porsche Aktiengellschaft and Porsche Cars North America, Inc., and for his cause of actions states as follows:

## Jurisdiction and Venue

1.      This Court has jurisdiction over this case based upon diversity of citizenship pursuant to *28 USC §1332*.  Specifically, the Plaintiff is a resident of the State of Pennsylvania and the Defendant Porsche Cars North America, Inc. is a Georgia corporation with its principal place of business in Atlanta, Georgia and Defendant Dr. Ing. h.c. F. Porsche Aktiengellschaft is a German Company based in Stuttgart, German.

2.      This Honorable Court has personal jurisdiction over Defendants because Defendants had systematic and continuous contacts with this Commonwealth and placed their products in a stream of commerce within this Commonwealth.

3.      Venue is proper in the Eastern District of Pennsylvania pursuant to *28 USC §1391(b)(2)* and *§1391(c)(2)* based on the fact that a tort occurred in the State of Pennsylvania which caused personal injury to the Plaintiff.

## Factual Allegations

4.      At all times pertinent to this lawsuit, Plaintiff Joseph Edward Riad maintained a residence at 509 Schoolhouse Road, Kennett Square, Pennsylvania.

5.      At all times pertinent to this lawsuit, Defendant Porsche Cars North America, Inc. ("Porsche Cars, Inc.") had its principal place of business in Atlanta, Georgia and was a corporation licensed in the State of Georgia.

6.      At all times pertinent to this lawsuit, Defendant Dr. Ing. h.c. F. Porsche Aktiengellschaft ("Porsche AG") is a German Company based in Stuttgart, German having an address of Porscheplatz 1, D-70435 Stuttgart, Germany.  Porsche Cars, Inc., was the wholly-owned subsidiary and exclusive importer for Porsche AG.  Porsche AG

2

was the manufacturer and designer of Porsche vehicles, including, without limitation, the Porsche Cayenne Turbo.

7. Plaintiff Joseph Edward Riad purchased a 2004 Porsche Cayenne Turbo SUV from Mercedes Benz of Wilmington on or about April 26, 2011.

8. The Plaintiff regularly maintained his Porsche vehicle.

9. This particular model Porsche became the subject of a manufacturer's recall campaign due to a problem with a defective cooling pipe system for the vehicle. Specifically, defective plastic cooling tubes had fractured over time, and had to be replaced with aluminum cooling tubes.

10. On or about December 1, 2016, the Plaintiff was driving his vehicle and noticed that the engine was hesitating. In addition, the cooling warning light illuminated and he visually observed coolant fluid leaking from the vehicle.

11. The Plaintiff stopped his vehicle and called his Porsche dealership from his cell phone while in his vehicle to seek guidance as to how to proceed.

12. The dealership gave him a phone number for the Defendant(s), suspecting that the problem of which the Plaintiff was complaining was the result of leakage from the defecting coolant valve.

13. A manufacturer's representative from Porsche advised Mr. Riad that he should not worry about the situation because it was not a major issue.

14. That same manufacturer's representative told Mr. Riad that there was no need to have the vehicle towed because the coolant leakage would not damage the car if he continued to drive.

15. Mr. Riad was further instructed to drive his vehicle to the nearest service dealership so that it could be inspected and repaired.

16. At no point in time did the Porsche representative advise Mr. Riad that there were any health risks whatsoever to driving his vehicle if it was leaking coolant fluid.

17. Accordingly, pursuant to instructions, Mr. Riad proceeded to drive his vehicle to the nearest Porsche dealership, to wit, Porsche of Delaware, Newark, Delaware ("Newark Porsche").

18. That dealership was approximately 15 miles away from the point at which Mr. Riad had this discussion with the Porsche representative.

19. During the drive to Newark Porsche, Mr. Riad noticed vapors coming out from under the hood of his vehicle.

20. Once again, Mr. Riad stopped his vehicle and called back Porsche representative to advise him of the situation. Specifically, Mr. Riad advised the Porsche representative that steam was coming of the engine block of the vehicle.

21. Once again, the Porsche representative advised Mr. Riad that there were "no worries" and that he should continue to drive the vehicle to the service dealership.

22. Mr. Riad complied with this instruction and continued to drive to Newark Porsche.

23. During the drive to Newark Porsche, white smoke began emanating through the air conditioning vents of the vehicle and into the interior of the car where Mr. Riad was seated in the driver's seat.

24. During this time, Mr. Riad inhaled the smoke, and felt light- headed and sick.

4

25. Because the Porsche representative refused to tow the vehicle, Mr. Riad felt compelled to continue to drive to Newark Porsche with the windows down and his head sticking out of the window.

26. When Mr. Riad arrived at Newark Porsche, he was extremely nauseous. He stumbled out of his car and lay on the ground.

27. At that point in time, service manager Mike Adams approached him and observed Mr. Riad's condition. He asked Mr. Riad why he drove the vehicle rather than having it towed, and explained to him for the first time that Mr. Riad had been exposed to toxic fumes.

28. Mr. Riad sought medical help and went to Jennersville Hospital, where he was given an oxygen mask to breathe.

29. He remained in the hospital all day.

30. Subsequent to discharge, Mr. Riad visited his primary physician, Uzma Quarashi, M.D., in Kennett Square, Pennsylvania.

31. Mr. Riad was directed to seek treatment with Dr. Uzma Quarashi and he was prescribed with an inhaler to assist his labored breathing.

32. Mr. Riad received subsequent evaluation and treatment by a pulmonologist (Dr. Gaurav J. Patel, MD) in West Chester, Pennsylvania.

33. Spirometry testing by Dr. Patel reflected a positive finding of permanent lung damage as a result of exposure of toxic fumes.

34. Said doctor diagnosed Mr. Riad with asthma, and prescribed a Breo Ellipa 200/25 inhaler for him.

35. Several days after the incident of December 1, 2016, Mr. Riad called the Defendant(s)' Customer Service Department to advise of his ordeal.

36. The person responding to his call stated: "It's a shame you didn't die. Now we have to deal with you."

37. Plaintiff is and always has been a non-smoker. He does not consume alcohol.

38. Prior to the date of this incident, Plaintiff had been physically fit and did not suffer from any breathing or pulmonary deficiencies.

39. Prior to the date of this incident, Plaintiff enjoyed activities such as soccer, martial arts and weight-lifting.

40. As a direct and proximate result of being exposed to toxic vapors from leaking coolant fluid from his Porsche Cayenne Turbo SUV, Mr. Riad has suffered serious and permanent bodily injury for which he seeks compensation from the Defendants.

41. Prior to the date of this incident, the Plaintiff engaged in physically demanding work, to wit, managing a farm located at 620 Baltimore Pike, West Grove, Pennsylvania.

42. As a direct and proximate result of the aforementioned exposure to toxic fumes, the Plaintiff estimates that he is 60% weaker than he was before the injury, which poses challenges for his occupation.

43. He experiences severe shortness of breath all of the time and has experienced acid reflux since the incident occurred. He has also experienced severe hacking coughs and ear and eye infections.

44. As a direct and proximate result of this occurrence, the Plaintiff has sustained a permanent injury to his lungs, which affects his activities of daily living and his occupation as a farmer.

45. Plaintiff describes the breathing sensation as, "*Scary, all of a sudden you cannot breathe normally-your breath is taken from you.*"

46. Because he has now been diagnosed with asthma, he will need to purchase inhalers on a monthly basis for the rest of his life in order to be able to breathe effectively.

47. In addition, the Plaintiff has experienced, and will continue to experience for the rest of his life, significant pain, suffering, mental anguish and anxiety as a direct and proximate result of the injuries sustained as a result of the occurrence described above.

## Count I (Strict Liability)

### Riad vs. Dr. Ing. H.c.f. Porsche Aktiengellschaft and Porsche Cars North America, Inc.

48. The Plaintiff hereby adopts and incorporates by reference all of the Factual Allegations set forth above as if fully set forth herein in this Count I.

49. The motor vehicle in question was manufactured by and placed into the stream of commerce and sold by Defendants Dr. Ing. H.c.f. Porsche Aktiengellschaft and Porsche Cars North America, Inc. in a defective and unreasonably dangerous condition.

50. Specifically, the engine of said vehicle was equipped with plastic coolant pipes that would and did prematurely degrade or fracture, thereby allowing the escape and evaporation of coolant into the passenger portion of the vehicle, thereby exposing its occupants to toxic fumes.

7

51. The vehicle in question reached the Plaintiff without any substantial change in its condition from the time of manufacture until the time of the injury alleged above.

52. The subject vehicle was in a defective condition from the time it left the Defendants.

53. The vehicle in question was unreasonable dangerous to consumer such as the Plaintiff.

54. The vehicle was expected to and did reach the Plaintiff/consumer without substantial change in its condition.

55. The defect described above was the proximate cause of Plaintiff's injuries.

## Count II (Negligence – Failure to Warn)

### Riad vs. Dr. Ing. H.c.f. Porsche Aktiengellschaft and Porsche Cars North America, Inc.

56. The Plaintiff hereby adopts and incorporates by reference all of the Factual Allegations set forth above as if fully set forth in this Count II.

57. The Defendants had actual knowledge that the subject vehicle was equipped with plastic coolant pipes that could prematurely degrade or fracture.

58. This defect was the subject of a class action lawsuit, to wit, *In re: Porsche Cars North America, Inc. Plastic Coolant Tubes Products Liability Litigation*, Case No. 2:11-md-2233 (S.D. Ohio, Eastern Division) which included current and prior owners of lessees of a model year 2003-2010 Porsche Cayenne SUV vehicles within the United States. Both new and Porsche approved certified pre-owned vehicles from an authorized Porsche dealership were included as Class Vehicles.

8

59. Despite having actual knowledge of this defective condition of the result of the class action lawsuit, Defendants failed to provide the Plaintiff with notice of said defective condition prior to the date of the incident which is the subject of this litigation and/or to warn the Plaintiff of the known risks from failure of the defective plastic coolant pipes on the subject vehicle.

60. As a direct and proximate cause of the Defendants' failure to warn the Plaintiff of this known defective condition, the Defendants voluntarily and with the express authorization of the Defendants' representative, drove the subject vehicle for approximately 15 miles while being exposed to toxic emanating from the engine of the subject vehicle, which had leaked out due to the degradation or fracture of the coolant pipes for the vehicle.

61. Punitive damages should be awarded to Plaintiff and imposed against Defendants in this lawsuit: Defendants' conduct as set forth in this Complaint was wanton, willful, outrageous and malicious. The Defendants acted with wanton and willful disregard for the Plaintiff's rights and safety and such acts and inactions proximately caused the injuries to Plaintiff complained of herein.

**WHEREFORE**, for the reasons sated, Plaintiff Joseph Edward Riad demands judgment against Defendants Dr. Ing. H.c.f. Porsche Aktiengellschaft and Porsche Cars North America, Inc., jointly and severally, for Counts I and II, in the amount of Five Million Dollars ($5,000,000.00) plus punitive damages, the cost of maintaining this action and any other relief this Honorable Court determines is just and proper.

Plaintiff, Joseph Edward Riad, hereby demands a jury trial in this action.

BY: RECTOR LAW

_____
Mickala L. Rector
Pennsylvania attorney ID #315082
509 Schoolhouse Road
Kennett Square, Pennsylvania 19348
(484) 748-1423
Kalarector422@gmail.com
11/30/2018