IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH E. RIAD, | : | |
|     *Plaintiff*, | : | CIVIL ACTION |
| | : | NO. 18-5175 |
| v. | : | |
| | : | |
| PORSCHE CARS N.A., INC., et al., | : | |
|     *Defendants*. | : | |

# ORDER

AND NOW, this 31st day of March, 2021, upon consideration of the Motions to Dismiss filed by Defendant Dr. Ing. h.c. F. Porsche Aktiengellschaft ("Porsche AG") (ECF No. 43) and Defendant Porsche Cars North America, Inc. ("PCNA") (ECF No. 44), Plaintiff's Responses in Opposition to the Motions (ECF Nos. 47 & 48), the Reply Briefs filed by Porsche AG (ECF No. 53) and PCNA (ECF No. 51), and the various filings subsequently submitted by the parties (ECF Nos. 54–59), it is hereby ORDERED as follows:

1. PCNA's Motion to Dismiss Plaintiff's Amended Complaint for Lack of Personal Jurisdiction is DENIED.[1]

---

[1] Plaintiff has established that PCNA registered to do business in Pennsylvania as a foreign business corporation, and PCNA has not argued otherwise. *See* Pl.'s Resp. Opp'n (ECF No. 47) at 26 & App. 1. Accordingly, PCNA's argument contesting the Court's jurisdiction over it is premised on its implicit contention that the Third Circuit's holding in *Bane v. Netlink, Inc.*, 925 F.2d 637 (3d Cir. 1991)—where the court held that such registration subjects the registrant "to the exercise of personal jurisdiction by Pennsylvania courts under [42 Pa.C.S.A. §] 5301(a)(2)(i) or (ii)"—is no longer good law in light of the Supreme Court's decisions in *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) and *Daimler AG v. Bauman*, 571 U.S. 117 (2014). But a clear majority of courts within this district have disagreed with that contention, holding that "*Bane*, which directly addressed the concept of consent to personal jurisdiction under Pennsylvania law, remains good law in this Circuit." *Diab v. British Airways, PLC*, No. 20-3744, 2020 WL 6870607, at *5 (E.D. Pa. Nov. 23, 2020). This Court agrees. *See also id.* ("The Third Circuit has spoken; the Supreme Court has addressed another issue that may—or may not—be extrapolated to overturn Pennsylvania's personal jurisdiction statutory scheme. But, unless or until that happens, this Court is compelled to follow Third Circuit precedent.") (internal citation omitted); *Smith v. NMC Wollard, Inc.*, No. 19-5101, 2020 WL 1975074, at *4 (E.D. Pa. Apr. 24, 2020) ("because this Court remains bound by *Bane*'s holding that a foreign

2. The Court will hold an evidentiary hearing via videoconference on the issue of whether Porsche AG may properly be subjected to the jurisdiction of this Court on **April 22, 2021 at 11:00 a.m.**  The parties may present any witnesses, exhibits, and/or other evidence relevant to the issue at that time.  Counsel will be provided with login information prior to the hearing.

3. Plaintiff's Motions for Leave to File at ECF Nos. 54 and 56 are GRANTED.

BY THE COURT:

/s/ C. Darnell Jones, II
C. Darnell Jones, II    J.

---

corporation that registers in Pennsylvania is subject to the state's general jurisdiction, and because [defendant] registered in the state, this Court has jurisdiction over Plaintiff's claims"); *Kraus v. Alcatel-Lucent*, 441 F. Supp. 3d 68, 75 (E.D. Pa. 2020) (same holding); *Bors v. Johnson & Johnson*, 208 F. Supp. 3d 648, 655 (E.D. Pa. 2016) (same holding).  Accordingly, as PCNA is subject to the general jurisdiction of this Court, its arguments concerning specific jurisdiction need not be addressed.